STATE OF HAWAII, Plaintiff-Appellee, *v.* PETER B. LAPITAN, Defendant-Appellant

NO. 12035

(TRAFFIC NO. 000R36751)

DECEMBER 3, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The question raised in this appeal is whether the District Court has concurrent jurisdiction with the Family Court over a minor who is charged with Driving Under the Influence (DUI). We conclude that the District Court has jurisdiction under Hawaii Revised Statutes (HRS) § 571-41(f) and affirm the conviction.

I.

On March 16, 1986, Defendant Peter B. Lapitan was arrested on a DUI charge in violation of HRS § 291-4. At that time, he was sixteen years old. Prior to trial, Defendant moved to dismiss the charge for lack of subject matter jurisdiction under HRS § 571-

11(1)[1] and to transfer the case to family court under HRS § 571-12.[2] On December 3, 1986, after hearing, the motions were denied on the ground that the Order promulgated by the Senior Judge of the Family Court regarding concurrent jurisdiction in traffic offenses includes DUI cases.

On January 16, 1987, after a jury waived trial on stipulated facts, the Defendant was found guilty of Driving Under the Influence in violation of HRS § 291-4. The Defendant was sentenced on February 17, 1987 to pay a fine of $150.00 plus $5.00 for drivers' education, his license was suspended for a period of 90 days, and he was required to attend a fourteen-hour alcohol abuse program. Execution of sentence was stayed pending appeal.

## II.

Ordinarily, the family court shall have exclusive original jurisdiction over law violations by minors. HRS § 571-11(1). Except that for violations of traffic laws and ordinances, HRS § 571-41(f) allows the Senior Judge of the Family Court to confer concurrent jurisdiction to the district court. This section makes clear that "[t]he exercise of jurisdiction over children by district courts shall, nevertheless, be considered noncriminal in procedure and result in the same manner as though the matter had been adjudicated and disposed of by a family court."

The Amended Order Conferring Concurrent Jurisdiction in Juvenile Traffic Cases (Order), filed August 4, 1977 by the Senior Judge of the Family Court, orders "that all alleged traffic violations

---

[1] The relevant portion of HRS § 571-11 reads as follows:

Jurisdiction; children. Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
  (1) Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance.

[2] HRS § 571-12 reads as follows:

Transfer from other courts. If, during the pendency of a criminal charge against a minor in another court, it is ascertained that the minor was less than eighteen years old when such minor allegedly committed the offense, such other court shall forthwith transfer the case to the family court, together with all the papers, documents, and any available transcripts of testimony connected with it.

not included within Title 37 (Hawaii Penal Code) committed by children are to be referred to the District Court of the First Circuit as provided herein." The order further provides that the district court may remand any case to the family court where the juvenile has an extensive record, is already under probation, or in the opinion of the district judge is exhibiting behavioral problems. Dispositions that the district court may make under this order are limited and do not include jail time.[3]

As this court has recently stated in *State v. Leatiota,* 69 Haw. ____, 739 P.2d 930 (1987), "DUI is clearly, by statute, a traffic offense, even though it is also a serious crime." Thus, as a traffic offense, DUI is within HRS § 571-41(f). Under HRS § 571-41(f), however, a DUI involving a minor in district court must be non-criminal in proceeding. Given the facts of this case, including the fact that jail time was not imposed, we conclude that the district court has jurisdiction under HRS § 571-41(f), and affirm the conviction.

Affirmed.

*Melody Parker,* Deputy Public Defender (*Susan Barr,* Deputy Public Defender on the brief with *Tedson Koja,* Defender Intern, assisting), for defendant-appellant.

---

[3] The dispositions the district court is allowed to make pursuant to the family court order of concurrent jurisdiction section 2 include the following:

(a) Issue summons in the case of a juvenile who fails to respond to a citation.

(b) Issue a bench warrant for the apprehension of a juvenile who fails to respond to a summons.

(c) Direct that a juvenile apprehended pursuant to a bench warrant be brought directly before the District Court of the First Circuit or, if the Court is not then in session, be placed in Hale Ho'Omalu (detention home) until the Court reconvenes.

(d) Qualify a juvenile for bail forfeiture of the amount set forth from time to time on the bail forfeiture schedule of the District Court of the First Circuit.

(e) Make preliminary inquiry as to whether the interest of the public or of the juvenile requires further action.

(f) Make such informal adjustment of the referral as is practicable.

(g) Require a juvenile to attend available driver education classes.

(h) Impose fines and suspend the driver's license of a juvenile.

(i) Remand the referral to the Family Court in accordance with the policy herein and as hereinafter provided.

Amended Order Conferring Concurrent Jurisdiction in Juvenile Traffic Cases, filed August 4, 1977 by the Senior Judge of the Family Court.

*Peter Van Name Esser* (*G. Cher Foerster* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.