**STATE OF HAWAII,** Plaintiff–Appellee, v. **NATALIE BUCKMAN,** Defendant–Appellant

NO. 12909

(TRAFFIC NOS. Z743231 & Z74323)

MARCH 15, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue in this appeal is whether the District Court has authority to impose a jail sentence for a traffic offense committed by a minor. We conclude that the District Court lacks authority to impose such a sentence and therefore set aside the sentencing order in this case.

I.

On December 3, 1987, Appellant Natalie Buckman was arrested for two traffic offenses, Driving Without a License in violation of Hawaii Revised Statutes (HRS) § 286–102, and Driving Under the Influence (DUI) in violation of HRS § 291–4. Although Appellant was seventeen years old at the time of the arrests, this fact was not known to the police since she was using a false identification. Appellant pled guilty to both

offenses and was sentenced on the DUI offense to pay a fine, attend driver's education classes, and perform community service.

On December 31, 1987, Appellant moved to correct the charges to reflect her real name and to set aside her guilty pleas. The motion was heard on March 3, 1988, by which time Appellant was eighteen years old. At the time of the hearing, she had not yet been sentenced for Driving Without a License. Also set for hearing on March 3, 1988 was Appellant's motion for correction and reduction of a suspended 30-day jail sentence imposed for a previous traffic offense.

At the hearing, Appellant argued that the district court lacked authority to imprison a minor and that the court failed to follow the family court procedures outlined in HRS Chapter 571. The district court granted the motion to amend the charges to reflect Appellant's true identity, and denied the motion to withdraw the guilty pleas. The court also denied Appellant's motion for correction and reduction of sentence.

The trial judge then sentenced Appellant to thirty days in jail for driving without a license on December 3, 1987, with eleven days incarceration, and the remaining sentence suspended on the condition that she not drive again without a license and perform twenty hours of community service. The court stated it would take no further action on the previous thirty-day suspended sentence. Appellant appeals from the district court's order sentencing her to jail.

II.

HRS § 571–11(1) grants to the family court exclusive original jurisdiction over violations of the law committed by minors.[1] Section 571–41(f), however, authorizes the senior judge of the family court to confer concurrent jurisdiction on the district court to hear and dispose of cases of traffic law violations by minors.

---

[1] The fact that Appellant attained the age of eighteen prior to sentencing does not divest the family court of jurisdiction. HRS § 571–13 provides that "in the case of any person who is alleged to have committed an offense under section 571–11 prior to reaching eighteen years of age, the [family] court shall have jurisdiction after the person becomes eighteen for the purpose of holding hearings and/ or entering orders of disposition concerning the alleged offenses."

We recognized the concurrent jurisdiction of the district court in *State v. Lapitan*, 69 Haw. ___, 746 P.2d 82, 83 (1987), in which we held that the district court had concurrent jurisdiction with the family court over a minor charged with Driving Under the Influence. Our ruling was based upon the Amended Order Conferring Concurrent Jurisdiction in Juvenile Traffic Cases (Amended Order), filed August 4, 1977 by the Senior Judge of the Family Court, ordering "that all alleged traffic violations not included within Title 37 (Hawaii Penal Code) committed by children are to be referred to the District Court of the First Circuit as provided herein."

Although the defendant in *Lapitan* did not receive a jail sentence, we noted that "[d]ispositions that the district court may make under this order are limited and do not include jail time." *Id.* at ___, 746 P.2d at 83. The dispositions authorized by the Amended Order are limited to the following:

(a) Issue summons in the case of a juvenile who fails to respond to a citation.

(b) Issue a bench warrant for the apprehension of a juvenile who fails to respond to a summons.

(c) Direct that a juvenile apprehended pursuant to a bench warrant be brought directly before the District Court of the First Circuit, or, if the Court is not then in session, be placed in Hale Ho'Omalu (detention home) until the Court reconvenes.

(d) Qualify a juvenile for bail forfeiture of the amount set forth from time to time on the bail forfeiture schedule of the District Court of the First Circuit.

(e) Make preliminary inquiry as to whether the interest of the public or of the juvenile requires further action.

(f) Make such informal adjustment of the referral as is practicable.

(g) Require a juvenile to attend available driver education classes.

(h) Impose fines and suspend the driver's license of a juvenile.

(i) Remand the referral to the Family Court in accordance with the policy herein and as hereinafter provided.

69 Haw. at ___ n.3, 746 P.2d at 83–84 n.3.

The limited dispositions authorized by the Amended Order are consistent with HRS § 571–41(f) which, while authorizing concurrent

jurisdiction, makes clear that "[t]he exercise of jurisdiction over children by district courts shall, nevertheless, be considered noncriminal in procedure and result in the same manner as though the matter had been adjudicated and disposed of by a family court." The noncriminal nature of family court proceedings accords with "the philosophy and approach of this specialized court [which] is based upon the principle that the state has a responsibility to protect . . . children[.]" Hse. Stand. Comm. Rep. No. 130, in 1965 House Journal, at 550. To allow the district court to impose a sentence of imprisonment upon a minor would be contrary to this philosophy and violative of HRS § 571–41(f).

If, in a particular case, the district court judge feels that the dispositions permitted by the Amended Order are insufficient, then the judge should remand the case to the family court. The Amended Order authorizes the district court to remand any case to the family court where the juvenile has an extensive record, is already under probation, or in the opinion of the district judge is exhibiting behavioral problems. *Lapitan, supra.*

We conclude that the district court in this case acted outside the limits of its concurrent jurisdiction in sentencing the Appellant to serve a jail sentence for a traffic offense committed while she was still a minor. Accordingly, we reverse the sentencing order of the district court and remand the case for entry of a sentence consistent with this opinion.

*Jeffrey M. Taylor* for Defendant–Appellant.

*Wallace Weatherwax* (*Lila B. LeDuc* on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.