**STATE OF HAWAII**, Plaintiff–Appellant, v. **JONATHAN K. KIPI**, Defendant–Appellee

NO. 14367

(CR. NO. 89–1647)

MAY 8, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY MOON, J.

Plaintiff–appellant State of Hawaii (State) appeals the trial court's dismissal of burglary and terroristic threatening charges against defendant–appellee Jonathan K. Kipi (Kipi). The charges were based on the same conduct that supported a criminal contempt charge against Kipi for which he had already been convicted and sentenced by the family court. We find that double jeopardy principles bar the subsequent prosecution and therefore affirm the trial court's dismissal.

### I.

On October 11, 1989, at 4:00 a.m., Kipi entered the home of his ex–girlfriend, Linda Yamasaki (Yamasaki). While in the residence, Kipi threatened Yamasaki and two other persons, Sergio Chaulet (Chaulet), Yamasaki's boyfriend, and David Harris (Harris), Yamasaki's housemate. A complaint against Kipi was filed on October 24, 1989, for the offense of Burglary in the First Degree, in violation of HRS § 708–810(1)(c) (count I) and Terroristic Threatening in the Second Degree, in violation of HRS § 707–717(1), based on the threats against Yamasaki, Chaulet and Harris (counts II, III and IV, respectively). On November 6, 1989, Kipi pleaded not guilty to the charges in the complaint.

Before the incident in question, Yamasaki had petitioned the family court for a temporary restraining order (TRO) for protection against Kipi. Yamasaki's petition was granted on August 7, 1989 and a TRO issued. On August 21, 1989, the family court extended the protective order, pursuant to a show cause hearing, until February 17, 1990. Thus, the protective order was in effect at the time Kipi broke into Yamasaki's house on October 11, 1989. The protective order was a form order in which the following was checked:

Petitioner(s) [Yamasaki] and Respondent(s) [Kipi] are mutually enjoined and restrained from contacting, threatening or abusing each other and anyone living with the other party (including but not limited to their home or place of employment) and maliciously damaging the property of the other party.

On October 12, 1989, the day after Kipi's alleged burglary and threats, a police officer filed a family court petition against Kipi alleging that he had intentionally disobeyed the protective order and thereby committed the offense of Criminal Contempt of Court, in violation of HRS § 710-1077. On December 7, 1989, the State was ready to proceed to trial in family court on the contempt charge against Kipi when he moved to change his plea to no contest. The State did not object to the change of plea, but asked that five months of incarceration be imposed upon Kipi because of the egregious nature of the offense. In responding to the court's request for particular facts constituting the protective order violation, the prosecutor stated that:

a.  The violation of the Protective Order did arise out of an incident in which Defendant did contact Petitioner, Ms. Linda Yamasaki, at her home on October 11, 1989, very early in the morning.

b.  Ms. Linda Yamasaki was asleep at the time and awoke upon hearing the Defendant enter into her home.

c.  Also awakened by Defendant's entrance into the home were Mr. David Harris, Mr. Serio [sic] Chaulet, and Ms. Rebecca Moore, all of whom reside with Ms. Yamasaki.

d.  At the time of the violation, the Defendant did make verbal threats to Ms. Linda Yamasaki, Mr. Serio Chaulet, and Mr. David Harris.

In addition, the prosecutor noted on the record that he believed, based upon his reading of the police report, that additional criminal charges might be brought against Kipi. The State has stipulated that the prosecutor knew of the pending burglary and terroristic threatening charges that had been filed in circuit court.

The family court accepted Kipi's plea of no contest and sentenced him to five months incarceration.

On February 13, 1990, jury selection began for the burglary and terroristic threatening offenses. After the jury was selected but before the jurors were sworn, the defense orally moved to dismiss the entire complaint based on double jeopardy and HRS § 701–109, the compulsory joinder rule. The trial court agreed that Kipi was being retried for the same actions for which he was serving five months. However, the court dismissed only counts I and II, which involved Yamasaki, because the court believed that the family court order specifically dealt with her alone. The court declined to dismiss counts III and IV, which involved Chaulet and Harris, on the ground that these offenses were outside the jurisdiction of the family court when it ruled on the violation of the protective order. Trial on counts III and IV continued.[1] The jury was unable to reach a decision and the court declared a mistrial. The State has not retried counts III and IV, and now appeals the dismissal of counts I and II.

## II.

The State alleges that the trial court erred in ruling that Kipi's no contest plea in family court to a misdemeanor criminal contempt charge bars subsequent prosecution of the related burglary

---

[1] Kipi would not agree to a stay pending the State's appeal of the dismissal of counts I and II, and the State's motion to stay proceedings was denied.

and terroristic threatening charges in circuit court. In responding to the State's argument, we address the following two issues:

1. Is there a conflict between HRS § 701–109(2), the compulsory joinder rule, and HRS § 710–1077(4), which allows prosecution for substantive offenses in addition to contempt?

2. Can actions or evidence that supported a contempt prosecution also be used to support a subsequent prosecution on substantive criminal charges without violating the double jeopardy rules set forth by the United States Supreme Court in *Grady v. Corbin*, 110 S. Ct. 2084 (1990)?

### III.

**A. Is there a conflict between HRS § 701–109(2), the compulsory joinder rule, and HRS § 710–1077(4), which allows prosecution for substantive offenses in addition to contempt?**

HRS § 701–109(2) provides that

a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

The Commentary to the statute notes that this subsection "requires joinder of the trials of two or more offenses based on the same conduct," subject to the court's power to order severance if justice so requires. *See* HRS § 701–109(3). The rule reflects a policy "that

defendants should not have to face the expense and uncertainties of two trials based on essentially the same episode." HRS § 701–109 Commentary. This compulsory joinder of offenses requirement of § 701–109(2) acts as a procedural limitation on the State's power under § 701–109(1)[2] to seek convictions for all offenses resulting from a single course of conduct. *State v. Aiu*, 59 Haw. 92, 96, 576 P.2d 1044, 1047 (1978).

The criminal contempt statute, HRS § 710–1077, provides that when a contempt also constitutes another offense, the contemnor may be charged with and convicted of the other offense "notwithstanding the fact that he has been charged with or convicted of the contempt." HRS § 710–1077(4). This provision is consistent with HRS § 701–109(1)'s provision that when the same conduct may establish an element of more than one offense, the defendant may be prosecuted for each offense.

The compulsory joinder requirements of HRS § 701–109(2) would also apply to contempt charges. A contempt charge must therefore be tried with any other offense arising from the same

---

[2] HRS § 701–109(1) provides as follows:

When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section; or

(b) One offense consists only of conspiracy or solicitation to commit the other; or

(c) Inconsistent findings of fact are required to establish the commission of the offenses; or

(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

conduct, except where the other offense or the contempt offense was not known to the prosecuting officer at the time of the first trial, or the contempt offense is not within the jurisdiction of the same court as the other offense or offenses. The compulsory joinder statute is not inconsistent with the contempt statute, the former simply places limits on the latter.

In the context of the present case, the compulsory joinder rule does not apply, because the contempt charge and the other charges were not within the jurisdiction of a single court.[3] Family court had exclusive jurisdiction of the contempt charge and did not have original jurisdiction over the burglary and terroristic threatening charges, contrary to Kipi's argument that family court, as a division of circuit court, has the same general jurisdiction as circuit court. *See* HRS § 571–14(2) (family court shall have exclusive original jurisdiction to try adults charged with any violation of an order issued by a family court judge). Although family court may waive its jurisdiction over an offense, such a waiver is discretionary and not mandatory. *Id.* The circuit court in this case had no jurisdiction to try the contempt charge unless the family court chose to waive its jurisdiction. Moreover, as a court of limited jurisdiction, the family court could not hear the burglary and terroristic threatening charges. Thus, HRS § 701–109(2) did not require compulsory joinder in this instance.

Resolution of this statutory issue, however, does not resolve the constitutional issue raised by Kipi below that double jeopardy bars any later prosecution based on the conduct supporting his conviction for criminal contempt.

---

[3] The other requirement of HRS § 701–109(2) is that the offenses be known to the prosecutor at the time of the first trial. As noted earlier, it is uncontested that the deputy prosecutor in this case knew about the burglary and terroristic threatening charges when the State proceeded to trial on the contempt charge.

B. Can actions or evidence that supported a contempt prosecution also be used to support a subsequent prosecution on substantive criminal charges without violating the double jeopardy rule set forth by the United States Supreme Court in *Grady v. Corbin*, 110 S. Ct. 2084 (1990)?

Until recently, both federal and state double jeopardy law was an outgrowth of *Blockburger v. United States*, 284 U.S. 299 (1932), in which the United States Supreme Court held that the "Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute does not 'requir[e] proof of a fact which the other does not.' " *Grady*, 110 S. Ct. at 2087. In the present case, the protective order restrained Kipi from "contacting, threatening, or abusing [Linda Yamasaki] and anyone living with [her]." In order to prosecute the contempt charge, the State was required to prove that Kipi contacted, threatened, or abused Yamasaki or any of her housemates; that Kipi knew he was ordered not to do so; and that he intentionally disobeyed the order. HRS § 710–1077(g). To prosecute the burglary charge, the State would be required to prove that Kipi intentionally entered Yamasaki's house in reckless disregard that it was another's dwelling with the intent to commit a crime therein. HRS § 708–810(1)(c). To prove the terroristic threatening charge, the State would have to show that Kipi intentionally or recklessly threatened Yamasaki, Harris, and Chaulet. HRS § 707–717. Thus, to prove the burglary and terroristic threatening charges, the State would be required to prove facts different from and additional to those it used to prove the criminal contempt charge in this case. Therefore, under the traditional *Blockburger* test, the subsequent prosecution of the burglary and terroristic threatening charges in this case would not have been barred.

However, in May 1990 the Supreme Court broadened the scope of double jeopardy protection. In *Grady v. Corbin*, 110 S. Ct. 2084, 2093 (1990), the Supreme Court held that

> the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

In *Grady*, defendant Corbin's automobile struck oncoming vehicles, causing the death of one person and serious injury to another. Corbin was served with two misdemeanor traffic tickets, one charging him with driving while intoxicated and the other with failing to keep to the right of the median. He pleaded guilty to the traffic citations. The presiding judge, who was not informed of the fatality or pending homicide investigation, accepted the guilty plea and later imposed a sentence on Corbin of a $350 fine, a $10 surcharge, and a six–month license revocation. Two months after the sentencing on the traffic violations, a grand jury indicted Corbin, charging him with, among other violations, reckless manslaughter, criminally negligent homicide, and third–degree reckless assault. A bill of particulars identified three acts upon which the prosecution would rely to prove the charges: (1) operation of a motor vehicle on a public highway in an intoxicated condition; (2) failing to keep right of the median; and (3) driving at a speed too fast for the weather and road conditions.

Corbin moved to dismiss the indictment on the constitutional ground of double jeopardy. The New York Court of Appeals reversed the lower court's refusal to dismiss the indictment, finding that the State's intention to rely on the prior traffic offenses as the acts necessary to prove the homicide and assault charges violated the U.S. Supreme Court's dictum in *Illinois v. Vitale*, 447 U.S. 410 (1980). *Vitale* had suggested that, even if two successive prosecutions were not barred by the *Blockburger* test, the second

prosecution would be barred if the government sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution. *Vitale*, 447 U.S. at 420. The United States Supreme Court affirmed the New York Court of Appeals' decision in *Grady*, and adopted the "same conduct" suggestion from *Vitale*. *Grady*, 110 S. Ct. 2084 (1990).

In reaching its holding in *Grady*, the Supreme Court "rejected the contention that the test of *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932) — which provides that cumulative penalties, and thus successive prosecutions, should not be barred if each offense charged requires proof of an element which the other does not — constituted the full extent of double jeopardy protection." *United States v. Gambino*, 742 F. Supp. 855, 857 (S.D.N.Y.), *aff'd*, 923 F.2d 846 (2d Cir. 1990) (citation omitted). Under the *Grady* test, Kipi cannot be prosecuted for burglary or for terroristic threatening. The conduct that the State would use to prove those crimes is the identical conduct that the family court considered when it accepted Kipi's no contest plea, and particularly when it sentenced him to five months incarceration based on the egregiousness of the contempt violation. Kipi's entering of Yamasaki's house and his threats to her and two of her housemates was the exact conduct that constituted the offense of contempt with respect to the family court's protective order.

In *Grady*, the Supreme Court stated that "[t]he Double Jeopardy Clause embodies three protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Grady*, 110 S. Ct. at 2090 (citation omitted). Here, under the *Grady* rule, Kipi must be protected from a second prosecution and multiple punishments for offenses based on the same

conduct as the contempt offense for which he was charged, convicted, and sentenced.

Apparently only one state supreme court to date has considered whether *Grady* applies to the prosecution of substantive criminal charges following a conviction for contempt based upon the same conduct.[4]   In *State v. Magazine*, 302 S.C. 55, 393 S.E.2d 385 (1990), the facts of which are virtually the same as in this case, the South Carolina Supreme Court held that a defendant who was charged with contempt for violating a family court restraining order by physically abusing his estranged wife could not be prosecuted for assault and battery based on the same incident. The court found that because defendant was ordered by family court to serve one year in prison or pay to the court a fine of $1,500, the contempt sanction was criminal in nature. Thus, the Double Jeopardy Clause applied to protect against a second prosecution based on the same conduct.[5]   The court concluded that at defendant's trial for assault and battery, the State proved the same conduct for which the defendant had previously been criminally sanctioned by the family court. Thus, under the *Grady* test, the successive prosecution violated the Double Jeopardy Clause. The court specifically rejected the State's contention that prosecution in a court of limited jurisdiction such as family court does not bar a

---

[4] Several cases decided before *Grady* discussed the double jeopardy implications of contempt convictions with respect to subsequent prosecutions for substantive offenses based on the same conduct. *See generally* Annotation, *Contempt Findings as Precluding Substantive Criminal Charges Relating to Same Transaction*, 26 A.L.R. 4th 950 (1983).

[5] It has generally been held that double jeopardy principles do not bar a subsequent criminal prosecution based on conduct for which a defendant has been found in civil contempt. *See* Annotation, *Contempt Findings as Precluding Substantive Criminal Charges Relating to Same Transaction*, 26 A.L.R. 4th 950, 956 (1983).

subsequent prosecution in a court of general jurisdiction. 302 S.C. at 58 n.4, 393 S.E.2d at 387 n.4.

In applying *Grady* to this case, we reach the same conclusion as did the South Carolina court. Kipi may not be subsequently prosecuted for the substantive offenses which were based on the same conduct that led to his contempt conviction. This point leads to a review of the Commentary to Hawaii's contempt statute, which states in pertinent part as follows:

> Subsection (4) [of HRS § 710–1077] provides that contempts which constitute both contempt and another offense do not relieve the defendant of liability for the other offense merely because its commission was contemptuous of the court. For example, if a person were to cause disorder in the courtroom, during the course of proceedings, by assaulting another person, he would be guilty of contempt. He would also be guilty of an assault. The fact that the court imposed summary punishment for the contempt, or *the fact that he was put in jeopardy for the misdemeanor offense of criminal contempt of court, would not allow the defendant to plead double jeopardy* to a charge of assault based on the same conduct.

HRS § 710–1077 Commentary (emphasis added). After *Grady*, this commentary is no longer valid. Constitutional principles of double jeopardy would bar a second prosecution for assault after a defendant was put in jeopardy for the offense of criminal contempt based on the same conduct. The circumstances of Kipi's case are analogous to the hypothetical of the commentary, and the *Grady* test applies. [6]

---

[6] Questions remain as to the effect of a summary contempt proceeding on a later prosecution for substantive offenses. In one pre–*Grady* case, the Supreme Court of Illinois affirmed a court of appeals ruling that a nonadversarial summary contempt proceeding arising out of an incident in which the defendant struck the

As pointed out in Justice Scalia's dissenting opinion in *Grady*, what the new double jeopardy test in effect requires is that prosecutors observe a rule previously rejected by the Supreme Court "that all charges arising out of a single occurrence must be joined in a single indictment." *Grady*, 110 S. Ct. at 2096 (Scalia, J., dissenting). Based on the *Grady* rule, what a prosecutor should do in circumstances such as in the present case is to obtain a waiver from family court on the contempt charge and proceed in circuit court on all of the charges. [7]

In addition, although the issue is not specifically now before this court, we conclude that the *Grady* rule bars the prosecution (following the mistrial) of the other two charges against Kipi that were not dismissed by the court below. The trial court believed that these terroristic threatening charges, based on Kipi's threats to Yamasaki's housemates, were not within the jurisdiction of the family court. However, that conclusion addresses only whether the charges should have been joined under HRS § 701–109(2). Because the protective order prohibited Kipi from contacting, threatening, or abusing not only Yamasaki but anyone living with her, and because the State informed the family court judge of Kipi's threats to the housemates, which the court apparently considered in entering the requested five–month jail sentence, double jeopardy principles bar a second prosecution based on those threats.

---

prosecutor with his fist and which resulted in a sentence of six months' imprisonment did not involve the possibility of successive prosecutions and thus did not bar a subsequent indictment against the defendant for aggravated battery based on the same acts. *People v. Totten*, 118 Ill. 2d 124, 514 N.E.2d 959 (1986).

[7] Since the charges against Kipi were brought before *Grady* was decided, the prosecutor in the present case cannot be faulted for failing to obtain a waiver. In addition, the trial court's dismissal of charges that is now on appeal to this court occurred in February 1990, which means the court did not have *Grady* to rely on for law on double jeopardy.

IV.

Based on the foregoing, we affirm the dismissal of counts I and II of the complaint, and remand this case with instructions that the remaining two counts of the complaint be dismissed.

*Patricia A. Loo*, Deputy Prosecuting Attorney, for plaintiff–appellant.

*Theodore Y. H. Chinn* (*Linda C. Ramirez* with him on the brief), Deputy Public Defenders, for defendant–appellee.