22528

The STATE, Respondent v. Larry GRAMPUS, Jr., Appellant.

(343 S. E. (2d) 26)

Supreme Court

*William L. Runyon, Jr.* of *Runyon, Kinard and Strauch,* North Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Solicitor Charles M. Condon,* Charleston, *for respondent.*

Heard Dec. 9, 1985.

Decided April 14, 1986.

GREGORY, Justice.

Appellant Larry Grampus was indicted, tried and convicted of simple possession of marijuana and felony driving under the influence (felony D.U.I.). He appeals only the latter conviction. We reverse.

On November 4, 1983, appellant was involved in an auto-

mobile collision in which a 10 year old child was killed. Appellant received three traffic citations at the scene, one of which was for improper use of lanes.[1] Appellant was later indicted for felony D.U.I.

Prior to trial in Magistrate's Court on the traffic offenses, counsel for appellant contacted the Solicitor's office and suggested that the traffic citations not be pursued separately. However, the citations proceeded to trial, and Grampus was convicted in his absence on all three. Thereafter, the county police retrieved the tickets, and the citations were *nolle prossed* by the Charleston County Attorney.

Prior to his second trial, appellant moved before the Circuit Court to dismiss the felony D.U.I. indictment on the ground of double jeopardy. This motion was denied. Grampus was then tried and convicted of felony D.U.I.

Appellant's sole contention is that his felony D.U.I. prosecution after his earlier conviction in Magistrate's Court violated his Constitutional protection against double jeopardy. He argues the recent United States Supreme Court decision, *Illinois v. Vitale*, 447 U. S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980), controls. We agree.

In *Vitale*, the Court was presented with the question of double jeopardy regarding a speeding violation and a subsequent manslaughter charge. Although this issue was not resolved because the manslaughter trial had not yet taken place, the opinion stated:

> ... if in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, *Vitale would have a substantial claim of double jeopardy* ... 447 U. S. at 421, 100 S. Ct. at 2267. (emphasis added.)

Therefore, appellant's argument depends on whether his traffic violation, improper use of lanes (i.e. crossing the center line) was used to establish an element of felony D.U.I.

Felony D.U.I. requires proof of three elements:

---

[1] The remaining violations have no bearing on this appeal.

(1) the actor drives a vehicle while under the influence of alcohol and/or drugs;

(2) the actor does an act forbidden by law or neglects a duty imposed by law; and

(3) the act or neglect proximately causes great bodily injury or death to another person.

S. C. Code Ann. § 56-5-2945 (Supp. 1985).
The lane change violation was critical to establish an "act forbidden by law". The State argues the record is unclear regarding this element.[2] This argument is without merit because this accident involved a head-on collision, caused by the lane change violation. The record clearly shows this violation served as the only basis for the "act forbidden by law" in the felony D.U.I. prosecution.[3]

Accordingly, appellant's felony D.U.I. conviction is Reversed.[4]

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] Appellant has not argued the sufficiency of the indictment on its face; however, we note that the indictment must state with particularity the "act forbidden by law or ... duty imposed by law" which will be relied on by the State to support the felony D.U.I. charge. S. C. Code Ann. § 56-5-2945 (Supp. 1985); 41 Am. Jur. (2d) *Indictments and Information* § 93, n. 8; *State v. Tabory*, 262 S. C. 136, 202 S. E. (2d) 852 (1974). Therefore, unlike *Vitale*, the issue of double jeopardy should be apparent on the face of the indictment.

[3] The effect of our opinion is to overrule our decision in *State v. Butler*, 230 S. C. 159, 94 S. E. (2d) 761 (1956) [interpreting S. C. Code Ann. § 17-23-20 (1976).]

[4] We emphasize that *only* when the State attempts to prove felony D.U.I. with proof of a violation of the same law under which the defendant has already been convicted in magistrate's court, will double jeopardy bar the conviction.