22677

The STATE, Respondent v. James Randall CARTER, Appellant.
(353 S. E. (2d) 875)

Supreme Court

---

*William L. Runyon, Jr.*, Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Oct. 7, 1986.

Decided Feb. 16, 1987.

FINNEY, Justice:

Appellant James Randall Carter was the driver of an automobile involved in a fatal accident on October 3, 1981. He was charged with driving under the influence (DUI) and reckless homicide. Carter was first tried on the DUI charge in Municipal Court and convicted. He was subsequently tried and convicted in General Sessions Court of reckless homicide. We reverse the conviction of reckless homicide.

Prior to the trial on reckless homicide, appellant motioned the circuit court to dismiss the reckless homicide charge on the ground of double jeopardy. The motion was denied, and appellant was convicted of reckless homicide.

Appellant contends the Double Jeopardy Clause of the Fifth Amendment prohibits his subsequent prosecution on the charge of reckless homicide because the state relied on and proved the same facts of the adjudicated DUI offense to establish the reckless act necessary to prove reckless homicide.

The Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense. *Brown v. Ohio*, 432 U. S. 161, 97 S. Ct. 2221, 53 L. Ed. (2d) 187 (1977). The principal test for determining whether two offenses are the same for purposes of barring successive prosecutions is whether "each provision requires proof of an additional fact which the other does not." *Brown v. Ohio, supra*, 432 U. S. at 166, 97 S. Ct. at 2225; *Blockburger v. United States*, 284 U. S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). It is undisputed that DUI and reckless homicide are separate and distinct offenses which require proof of an element not found within the other, and therefore, neither offense is a lesser included offense of the other. See and compare S. C. Code Ann. § 56-5-2930 and § 56-5-2910 (1976).

Appellant does not dispute the "element" test set out in *Blockburger, supra*, and *Brown, supra*, but he contends the test has been expanded under the United States Supreme Court decision in *Illinois v. Vitale*, 447 U. S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980). *Illinois v. Vitale* involved a fatal accident wherein the defendant was tried separately and convicted of failing to reduce speed and involuntary manslaughter. The United States Supreme Court made no determination as to whether the two Illinois offenses were the "same" for double jeopardy purposes and remanded the case for further proceedings. The Court in its opinion stated:

> [I]f in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, *Vitale* would have a *substantial claim of double jeopardy* under the Fifth and Fourteenth

Amendments of the United States Constitution. *Illinois v. Vitale*, 447 U. S. at 421, 100 S. Ct. at 2267. [Emphasis added].

This Court has adopted the substantial claim of double jeopardy rationale announced in *Illinois v. Vitale, supra.* See *State v. Grampus*, 288 S. C. 395, 343 S. E. (2d) 26 (1986) (felony "driving while under the influence" prosecution violated defendant's right to be free from double jeopardy since prosecution was founded on same act which served as basis for defendant's prior conviction in magistrate's court for violating traffic laws).

During the trial the state introduced evidence showing the appellant was arrested for driving under the influence, and it proved the level of appellant's consumption of alcohol by presenting the results of his breathalyzer test. The jury was charged the law of driving under the influence, S. C. Code Ann. § 56-5-2930 (1976), and the law regarding the presumptions arising pursuant to the implied consent statute, S. C. Code Ann. § 56-5-2950 (1976). In our view, the trial on the reckless homicide was, in effect, a retrial of the DUI offense. The only significant distinction was that the state was required to establish the death of the victim as an element of reckless homicide. The DUI violation was critical in establishing the reckless homicide.

The State argues that appellant was not subjected to double jeopardy because the DUI was tried in Municipal Court (a court of limited jurisdiction), and it did not have jurisdiction over the reckless homicide action which properly rests in General Sessions Court. The fact that the Municipal Court did not have jurisdiction over the reckless homicide offense does not, by itself, militate appellant's substantial claim of double jeopardy. See *Waller v. Florida*, 397 U. S. 387, 90 S. Ct. 1184, 25 L. Ed. (2d) 435 (1970); and *State v. Grampus, supra.*

It is fundamental that a single criminal transaction may constitute multiple distinct offenses for which one may be severally punishable. *State v. Norton*, 286 S. C. 95, 332 S. E. (2d) 531 (1985). We are not, by this opinion, foreclosing the possibility that a person may be convicted of both DUI and reckless homicide arising out of the same incident. To the contrary, both offenses could have been

tried together in General Sessions Court and a conviction might have been sustained. We hold only that appellant's substantial claim of double jeopardy prohibits his subsequent prosecution for reckless homicide because the state relied on and proved the same facts of the adjudicated DUI offense to establish the reckless act necessary to prove reckless homicide, *State v. Grampus, supra;* and *Illinois v. Vitale, supra.*

Appellant's conviction of reckless homicide is reversed. Based on our holding, we need not address appellant's remaining exceptions.

Reversed.

NESS, C. J., GREGORY and CHANDLER, JJ., concur.

HARWELL, J., not participating.