23057

The STATE, Appellant v. Willie James JOHNSON, Respondent.
(382 S. E. (2d) 909)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen., Charles W. Gambrell, Jr.,* and *Samuel L. Wilkins,* Columbia, *for appellant.*

*Frederick K. Jones,* Hartsville, *for respondent.*

Heard June 5, 1989.

Decided July 31, 1989.

*Per Curiam:*

Willie James Johnson (Johnson) was charged with violation of the Habitual Traffic Offender Act (HTO). Circuit Court dismissed the indictment on double jeopardy grounds. We reverse.

On October 11, 1987, Johnson was issued traffic tickets for HTO and for first offense driving under suspension (DUS). After forfeiting bond on the DUS charge in Magistrate's Court, he was indicted for HTO. The sole issue is whether Johnson's forfeiture of bond on the DUS charge barred his subsequent prosecution for HTO.

The Circuit Court based its double jeopardy holding upon *Illinois v. Vitale,*[1] a United States Supreme Court opinion, as well as this Court's decisions in *State v. Grampus*[2] and *State v. Carter.*[3]

In *Grampus* and *Carter,* we interpreted *Vitale* as providing an alternative to the traditional *Blockburger*[4] test for

---

[1] 447 U. S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980).

[2] 288 S. C. 395, 343 S. E. (2d) 26 (1986).

[3] 291 S. C. 385, 353 S. E. (2d) 875 (1987).

[4] Under *Blockburger v. United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the elements of the two offenses are analyzed and, if each requires proof of an additional fact which the other does not, no double jeopardy violation occurs.

determining double jeopardy claims in successive prosecution cases. The *Vitale* test, focusing upon the actual proof at trial, provides that: if, in the second prosecution, the State relies solely upon the identical proof as in the first, a substantial claim of double jeopardy is raised.

Under *Vitale* no double jeopardy violation is present here.

Proof of DUS, for which Johnson forfeited bond, entails (1) operating a motor vehicle on any public highway of this State (2) when his driver's license is cancelled, suspended, or revoked *by the Highway Department.*[5] On the other hand, proof of HTO would entail (1) operating a motor vehicle in this State (2) while the judgment *of the court* prohibiting the operation remains in effect.[6]

Johnson's conviction for DUS required proof that his driving privilege was removed, not by the Court but, rather, by the Highway Department, an administrative agency. Thus, in an HTO prosecution State would not rely upon the same proof as in DUS.

Accordingly, the Order of the Circuit Court is reversed.

Reversed.

---

[5] DUS is provided for in S. C. Code Ann. § 56-1-460 (Supp. 1988):

Any person who drives a motor vehicle on any public highway of this State when his license to drive is canceled, suspended or revoked must, upon conviction, be fined two hundred dollars or imprisoned for thirty days for the first violation.

"Cancellation," "revocation," and "suspension," by definition, require formal action by the Highway Department. *See* S. C. Code Ann. § 56-1-10 (12)-(14) (1976).

[6] S. C. Code Ann. § 56-1-1100 (1976), applicable at the time of Johnson's arrest, provided in pertinent part:

It shall be unlawful for any person to operate any motor vehicle in this State while the judgment of the court prohibiting the operation remains in effect. Any person found to be an habitual offender under the provisions of this article, who is thereafter convicted of operating a motor vehicle in this State while the judgment of the court prohibiting such operation is in effect, shall be guilty of a misdemeanor and shall be imprisoned for not less than one year nor more than five years.

The Habitual Traffic Offender Act was subsequently amended by Act No. 532 of 1988, effective January 1, 1989. We intimate no opinion as to what impact, if any, the amended version may have upon this decision.