23237

The STATE, Respondent v. Raymond MAGAZINE, Appellant.

(393 S.E. (2d) 385)

Supreme Court

*Assistant Appellate Defenders Daniel T. Stacey* and *Robert M. Dudek,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Feb. 5, 1990.

Decided July 2, 1990.

GREGORY, Chief Justice:

Appellant was convicted of assault and battery of a high and aggravated nature (ABHAN). He was sentenced to five years imprisonment and ordered to pay $1,188.42 in restitution. We reverse.

The victim, Lucille Magazine, and appellant were married but separated in March 1988. As the result of a violent episode between them, Lucille sought an order of protection in the family court. The family court issued an order on April 6, 1988, prohibiting appellant from communicating with or abusing Lucille in any way.

Appellant was subsequently held in contempt of that order. On April 13, after a hearing, the family court found that on April 9, appellant went to Lucille's home and physically abused her in violation of the protective order. Appellant was sentenced to one year imprisonment suspended upon payment of a fine of $1,500 and compliance with the order. Appellant paid the fine and was released from custody.

Three months later, appellant was indicted for committing ABHAN upon Lucille on April 9. Before trial, he moved to quash the indictment on the ground of double jeopardy based on his prior sanction for contempt. The motion was denied. At trial the State produced evidence appellant went to Lucille's home on April 9 and beat her. Appellant was convicted as charged.

The Double Jeopardy Clause protects against a second prosecution for the same offense, after conviction or acquittal, and multiple punishment for the same offense. *United States v. Halper*, 490 U.S. —, 109 S. Ct. 1892, 104 L. Ed. (2d) 487 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. (2d) 656 (1969). We first consider whether the prior contempt sanction was criminal in nature before considering the double jeopardy bar against successive prosecution.

In determining the nature of a contempt sanction, the focus is whether the punishment is remedial, for the benefit of the complainant, or punitive, to vindicate the authority of the court. *Hicks v. Feiock*, 485 U.S. 624, 108 S. Ct. 1423, 99 L. Ed. (2d) 721 (1988). If the sanction is imprisonment, it is punitive when the sentence is limited to imprisonment for a definite period rather than conditioned on compliance with the court's order. *Id.* at 631, 108 S. Ct. at 1429, 99 L. Ed. (2d) at 731. If the sanction is a fine, it is punitive if paid to the court, unless the contemnor can purge himself by compliance with the Court's order, and remedial if paid to the complainant. *Id.* at 631-33, 108 S. Ct. at 1429-30, 99 L. Ed. (2d) at 731. The critical inquiry is whether the contemnor can avoid a sanction or purge himself of it by complying with the terms of the original order. *Id.* at 635, n. 7, 108 S. Ct. at 1431 n. 7, 99 L. Ed. (2d) at 733 n. 7; *cf. Phillips v. Phillips*, 288 S.C. 185, 341 S.E. (2d) 132 (1986).

■ Appellant was ordered to serve one year in prison or pay to the court a fine of $1,500. He could not purge himself of the contempt by merely complying with the protective order. We conclude appellant's contempt sanction was criminal in nature and proceed to address the merits of appellant's double jeopardy claim.[1]

Following *Illinois v. Vitale,* 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980), this Court recognized an alternative to the traditional *Blockburger*[2] test for determining a double jeopardy claim in successive prosecution cases. *See State v. Johnson,* 299 S.C. 130, 382 S.E. (2d) 909 (1989); *State v. Carter,* 291 S.C. 385, 353 S.E. (2d) 875 (1987); *State v. Grampus,* 288 S.C. 395, 343 S.E. (2d) 26 (1986). Recently the United States Supreme Court adopted the suggested analysis set forth in *Vitale.* In *Grady v. Corbin,* — U.S. —, 110 S. Ct. 2084, 109 L. Ed. (2d) 548 (1990), it held that to avoid a double jeopardy bar a subsequent prosecution must do more than merely survive the *Blockburger* test. *Corbin* expressly held the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of the offense charged, the State will prove conduct that constitutes an offense for which the defendant has already been prosecuted. 110 S. Ct. at 2084. The critical inquiry is what conduct the State will prove and not the specific evidence the State will use to prove that conduct. *Id.* at 2092.[3]

■ In this case, at appellant's trial for ABHAN, the State proved the same conduct for which appellant was previously criminally sanctioned by the family court.[4] We hold, under the *Corbin* test, the successive prosecution in this case violated the Double Jeopardy Clause.

---

[1] *See also United States v. Halper, supra,* which held that a civil sanction is subject to a double jeopardy challenge if the sanction as applied serves the goal of punishment.

[2] Under *Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), multiple punishment is not barred if each offense requires proof of a fact the other does not.

[3] The *Corbin* decision recognizes that an exception may exist to this double jeopardy bar when the State is unable to proceed on the more serious charge at the outset. 110 S. Ct. at 2090, n. 7.

[4] The State erroneously contends prosecution in a court of limited jurisdiction does not bar a subsequent prosecution in General Sessions Court. *See State v. Carter, supra.*

Accordingly, the judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.