23275

The STATE, Respondent v. Barry CLARKE, Appellant.

(396 S.E. (2d) 827)

Supreme Court

*William L. Runyon, Jr.,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard March 6, 1990.

Decided Oct. 8, 1990.

FINNEY, Justice:

Appellant Barry Clarke was convicted of unlawfully carrying a pistol. We affirm.

On March 21, 1988, a Charleston police officer stopped appellant's vehicle and cited him for changing lanes improperly pursuant to South Carolina Code Ann. § 56-5-1990 (Cum. Supp. 1987). During the stop, the officer observed a gun in a holster next to the driver's seat, and the appellant was also charged with unlawfully carrying a pistol. The appellant was tried in municipal court for the traffic violation and acquitted. Subsequently, appellant went to trial in General Sessions Court for the unlawful carrying of a pistol. Before the jury was sworn, appellant moved to dismiss the weapons charge on the ground of double jeopardy. The trial court denied the motion, the trial proceeded and appellant was convicted.

First, appellant claims the trial court erred in instructing the jury on the statutory exceptions to the offense of carrying a weapon under S.C. Code § 16-23-20 (1976). Further, he argues that the burden of proof was upon the state to negate the applicability of any of the statutory exceptions. We disagree.

South Carolina law provides that it is unlawful for anyone to carry about the person, whether concealed or not, any pistol. S.C. Code Ann. § 16-23-20 (1976). The code lists twelve exceptions to this law.

The general rule, when dealing with statutory crimes to which there are exceptions, is that the defendant "has the burden of excusing or justifying his act; and hence the burden may be on him to bring himself within an exception in the statute or to prove the issuance of a license or permit." 94 C.J.S. *Weapons* § 13 at 510 (1956). In prosecutions for carrying a concealed and unregistered pistol, some courts have held that a defendant has the burden of proving that he had a license to carry a pistol. *Modesto v. State*, 258 A. (2d) 287 (Del. 1969); *Williams v. United States*, 237 A. (2d) 539 (D.C. App. 1968).

Although this Court has not addressed the issue of which party bears the burden of proving the negative of these statutory exceptions, we are persuaded by *State v. Bermudez*, 297 S.C. 230, 376 S.E. (2d) 258 (1989), and *State v. Solomon*, 245 S.C. 550, 141 S.E. (2d) 818 (1965), *appeal dismissed*, 382 U.S. 204, 86 S. Ct. 396, 15 L. Ed. (2d) 270 (1965). These cases hold that an exception to a criminal offense shall be negatived in the indictment only if the language of the exception must be regarded as descriptive of the offense. If not, the exception is a matter of defense and need not be negatived in the indictment. The statute clearly states that it is unlawful to carry a pistol, and the exceptions are not descriptive of the offense. This Court holds the view that the state is not required to negate each exception to the offense of unlawfully carrying a pistol to sustain its burden of proof. The statutory exceptions are matters of defense for which a defendant bears the burden of production. We find that the trial court did not improperly instruct the jury, nor err in denying appellant's motions.

Second, appellant asserts that the trial court erred in failing to grant his motion to dismiss on grounds of double jeopardy pursuant to S.C. Code § 17-23-20 (1985). Appellant contends that his trial on the traffic violation precludes any subsequent trial for the unlawful carrying of a pistol, claiming that the state is restricted to prosecuting a defendant only once for all offenses arising out of the same set of facts. We disagree.

Section 17-23-20 bars prosecution for an unlawful act when the defendant was previously tried for the same act in municipal or magistrate court. The section is generally applied to

prevent the prosecution of a greater offense after the defendant has been convicted or acquitted of a lesser offense involving the same unlawful act. *State v. Grampus*, 288 S.C. 395, 343 S.E. (2d) 26 (1986).

The United States Supreme Court recently stated in *Grady v. Corbin*, ___ U.S. ___, 110 S. Ct. 2084, 109 L. Ed. (2d) 548 (1990), that the Double Jeopardy Clause bars a prosecution if, to establish an essential element of the offense charged, the state will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *See also State v. Magazine*, ___ S.C. ___, 393 S.E. (2d) 385 (1990).

The violation of changing lanes improperly, for which appellant was first tried, is separate and distinct from the charge of unlawfully carrying a pistol. The offenses share no common elements of proof and did not arise from the same unlawful act. Hence, appellant's trial on the traffic violation is not a bar to subsequent prosecution in the Court of General Sessions for the unlawful carrying of a pistol. *See Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State v. Johnson*, 299 S.C. 130, 382 S.E. (2d) 909 (1989).

For the foregoing reasons, appellant's conviction and sentence are affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.