516 S.E.2d 434

**Leon STEVENSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 24940.**

Supreme Court of South Carolina.

Submitted Feb. 18, 1999.

Decided May 3, 1999.

194

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, all of Columbia, for respondent.

BURNETT, Justice:

This Court granted certiorari to review the denial of petitioner's application for post-conviction relief (PCR). We affirm.

## *FACTS*

Petitioner was indicted on two counts of assault and battery with intent to kill (ABIK) and two counts of resisting arrest under S.C.Code Ann. § 16–9–320(B) (Supp.1998). He was convicted of two counts of assault and battery of a high and aggravated nature (ABHAN) and two counts of resisting arrest. He was sentenced to imprisonment for ten years on each count, to be served consecutively. Petitioner's direct appeal was dismissed pursuant to Rule 220(b)(1), SCACR.

*State v. Stevenson,* Op. No. 95–MO–359 (S.C.Sup.Ct. filed December 7, 1995).

■ Petitioner then filed an application for PCR alleging his convictions and sentences for both resisting arrest and ABHAN constitute a violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and a violation of S.C.Code Ann. § 17–25–50 (1985). Accordingly, petitioner claims trial counsel was ineffective for failing to object to the dual sentences. During the PCR hearing, trial counsel admitted he never considered whether "resistance of unlawful [sic] authority" was included as an element of ABHAN. The PCR judge denied petitioner's application finding trial counsel was not ineffective because (1) § 17–25–50 did not apply;[1] (2) trial counsel made a motion for a directed verdict based on the ground that a conviction for both ABIK and for resisting arrest violated the Double Jeopardy Clause; and (3) petitioner's convictions did not violate the Double Jeopardy Clause.[2]

## DISCUSSION

Petitioner contends, because his convictions and sentences for both resisting arrest under § 16–9–320(B) and ABHAN constitute a violation of the Double Jeopardy Clause, the PCR judge erred in failing to find trial counsel was ineffective for not objecting to the dual sentences. We disagree.

■ There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). In order to prove that counsel was ineffective, the applicant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.

---

1. Petitioner did not raise this issue on review.

2. The PCR judge analyzed the double jeopardy claim by comparing the elements of resisting arrest and ABIK because petitioner was indicted for these offenses. However, petitioner was actually convicted of ABHAN and resisting arrest. Therefore, these are the two offenses that should have been compared.

*Strickland v. Washington, supra; Thrift v. State,* 302 S.C. 535, 397 S.E.2d 523 (1990). To show prejudice, the applicant must show but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Strickland v. Washington, supra.* This Court will sustain the PCR judge's factual findings and conclusions regarding ineffective assistance of counsel if there is any probative evidence to support those findings. *Skeen v. State,* 325 S.C. 210, 481 S.E.2d 129 (1997). However, if there is no probative evidence to support the PCR judge's findings, the findings will not be upheld. *Satterwhite v. State,* 325 S.C. 254, 481 S.E.2d 709 (1997).

 The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, and protects against multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Easler,* 327 S.C. 121, 489 S.E.2d 617 (1997). In *Blockburger v. United States,*[3] the United States Supreme Court held where the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to determine whether these are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."[4] 284 U.S. at 304, 52 S.Ct. at 182. The *Blockburger* "same elements" test is the only remaining test for determining a double jeopardy violation in both multiple punishment and successive prosecution cases. *State v. Easler, supra.* In addition to application of the *Blockburger* test, a court must also consider whether one offense is a lesser included offense of the other. If the lesser offense requires no proof beyond that required for the greater offense, the two are the same offense for purposes of the Double Jeopardy Clause. *Brown v. Ohio, supra.*

---

3. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

4. Notwithstanding *Blockburger* a court may conclude there is no double jeopardy violation even if the "same elements" test is met where the legislature clearly intends multiple punishments for a single act. *See Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *State v. Wilson,* 311 S.C. 382, 429 S.E.2d 453 (1993).

Petitioner claims under *State v. Hollman*, 232 S.C. 489, 102 S.E.2d 873 (1958) his convictions for ABHAN and resisting arrest violate the prohibition against multiple punishments under the Double Jeopardy Clause. The *Hollman* Court held convictions for resisting arrest and ABHAN constituted a violation of the Double Jeopardy Clause. The Court stated the assault on the officer was "the essence of, and inseparable from, the resistance of arrest." In *Hollman*, the Court went beyond the required elements of each offense and considered the actual proof offered at trial in reaching its decision. Therefore, the *Hollman* Court did not strictly apply the *Blockburger* "same elements" test.[5]

Under *Hollman*, petitioner's convictions for resisting arrest and ABHAN constitute a violation of the Double Jeopardy Clause. In this case, like *Hollman*, the assault was inseparable from the resistance of arrest. Both officers testified petitioner was sitting on a couch when he was placed under arrest. As one officer grabbed petitioner's left arm and attempted to handcuff him, petitioner rose from the couch. The other officer grabbed petitioner's right arm and they all fell over a coffee table. During this struggle, petitioner managed to get one of the officer's guns and fire four shots. One officer stated he heard the gun shots as they were falling. Petitioner shot one officer in the knee and the other in the chest. Fortunately, this officer was wearing a bulletproof vest. Petitioner also shot himself.

However, because the *Hollman* court applied the incorrect analysis, we expressly overrule its holding. Instead, under the *Blockburger* "same elements" test, convictions for both ABHAN and resisting arrest do not constitute a double jeopardy violation.

---

5. Other jurisdictions have stated when applying the "same elements" test, the focus should be on the elements of the offenses and not on their application to the facts of a specific case. *State v. Cook*, 185 Ariz. 358, 916 P.2d 1074 (Ct.App.1995) (the court should focus on the elements of the offenses); *State v. Ford*, 33 Conn.App. 143, 634 A.2d 1188 (1993) (a court should compare the statutory elements, not the actual evidence produced at trial); *State v. Henriquez*, 485 So.2d 414 (Fla.1986) (offenses are separate, if a comparison of the elements, without regard to the facts alleged in the information or adduced at trial, reveals that each offense requires proof of an element that the other does not).

ABHAN requires proof of an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation.[6] *State v. Easler, supra; State v. Jones,* 133 S.C. 167, 130 S.E. 747 (1925), *overruled in part on other grounds, State v. Foust,* 325 S.C. 12, 479 S.E.2d 50 (1996). The offense of resisting arrest requires proof that a person knowingly and wilfully assaulted, beat, or wounded a law enforcement officer during an arrest when the person resisting knew or should have known the officer was a law enforcement officer. S.C.Code Ann. § 16–9–320(B) (Supp. 1998).

ABHAN requires proof of a circumstance of aggravation which is not required for resisting arrest. Resisting arrest requires proof that the person assaulted is a law enforcement officer which is not an element of ABHAN. Accordingly, because each requires proof of an element the other does not, neither is a lesser included offense of the other and the double jeopardy clause is not violated by convicting a defendant of both offenses.

Petitioner contends this Court should insert the circumstance of aggravation relied on to support the ABHAN conviction when comparing the elements of ABHAN with another offense. Therefore, where, as in this case, the circumstance of aggravation supporting the ABHAN is resisting lawful authority, the prohibition against double jeopardy is violated. However, contrary to petitioner's argument, in *State v. Easler,* the Court rejected a similar argument concerning ABHAN, where the circumstance of aggravation was serious bodily injury and felony driving under the influence causing great bodily injury. The Court stated that a lesser offense is included in the greater only if each of its elements is always a necessary element of the greater offense. Accordingly, although serious bodily injury is an aggravating circumstance, it

---

6. Circumstances of aggravation include the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, a great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Easler, supra; State v. Jones,* 133 S.C. 167, 130 S.E. 747 (1925), *overruled in part on other grounds, State v. Foust,* 325 S.C. 12, 479 S.E.2d 50 (1996).

is not always an element of ABHAN. Thus, the Court concluded in *State v. Easler* the double jeopardy clause was not violated. Under the *Easler* analysis, there would also be no double jeopardy violation in this case since resisting lawful authority is not always a necessary element of ABHAN.

Moreover, in this case, the trial judge's instructions included other possible aggravating circumstances, including use of a deadly weapon and infliction of serious bodily injury. Thus, the jury could have based its ABHAN convictions on these aggravating circumstances. Neither of these aggravating circumstances would create a double jeopardy violation.

We conclude the PCR judge properly found there was no double jeopardy violation and trial counsel was not ineffective. Accordingly, we affirm the denial of petitioner's PCR application.

**AFFIRMED.**

TOAL, MOORE, and WALLER, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, Chief Justice:

I respectfully dissent. The majority concludes that the PCR judge properly found there was no double jeopardy violation and trial counsel was not ineffective. I disagree.

Petitioner was convicted of two counts of assault and battery of a high and aggravated nature (ABHAN) and two counts of resisting arrest. Petitioner was sentenced to imprisonment for ten years on each count, to be served consecutively. Petitioner committed the offenses on April 04, 1993 and was sentenced June 02, 1994.

Petitioner contends that under *State v. Hollman*, 232 S.C. 489, 102 S.E.2d 873 (1958) his convictions for ABHAN and resisting arrest violate the prohibition against multiple punishments under the Double Jeopardy Clause. I agree. The facts in *Hollman* are very similar to the facts in this case.

In *Hollman*, the appellant was indicted for two counts of resisting an officer and assault and battery with intent to kill. The jury found the appellant guilty of resisting an officer and guilty of assault and battery of a high and aggravated nature.

202

On appeal, this Court held that appellant's resistance of arrest was in fact ABHAN because the assault on the officer was the "essence of and inseparate from his resistance of arrest."

Petitioner was convicted of the same offenses as the appellant in *Hollman*. The majority acknowledges in its opinion that the assault was inseparable from the resistance of arrest. However, the majority applies the *Blockburger* "same elements" test, and concludes that ABHAN and resisting arrest do not constitute a double jeopardy violation.

The majority relies on *State v. Easler*, 327 S.C. 121, 489 S.E.2d 617 (1997) to expressly overrule *Hollman*. However, the majority disregards and ignores the fact that at the time of Petitioner's trial in 1994, *State v. Easler* had not been decided by this Court. Justice requires that this case be remanded for resentencing consistent with *Hollman*.

During the PCR hearing, trial counsel admitted he never considered whether "resistance of unlawful [sic] authority" was included as an element of ABHAN. In my opinion, the PCR judge erred in failing to find trial counsel's representation defective for not objecting to the sentence under *Hollman*. Petitioner was clearly prejudiced because he received four sentences instead of two. I would therefore find counsel ineffective.