THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
Kimberly F. Dunham, Respondent,
 v.
 
Michael David Coffey, Appellant.
 
 
 

Appeal From Greenville County
 Timothy L. Brown, Family Court Judge 

Unpublished Opinion No.  2004-UP-344
 Submitted May 12, 2004  Filed May 25, 2004 

AFFIRMED

 
 
 
Michael D. Coffey, of Greer, for Appellant.
Kimberly Fisher Dunham, of Greenville, for Respondent.
 
 
 

PER CURIAM: Michael David Coffey appeals 
 the trial courts denial of his motion for relief from an order requiring him 
 to pay attorneys fees.  We affirm. [1] 
FACTS
In January of 1998, Lisa A. Webb commenced an action 
 against Coffey seeking a modification of custody, visitation, child support, 
 unrecovered medical expenses, attorneys fees, and other related relief.  Coffey, 
 who represented himself in the matter, filed an answer and counterclaim, but 
 did not list his address as required by Rule 11(a), SCRCP.  Three days prior 
 to the final hearing, Kimberly Dunham, Webbs attorney, mailed notice of the 
 final hearing to Coffey by certified mail, return receipt requested, to his 
 last known address of 204 Roe Road. Unbeknownst to the court or Dunham, Coffey 
 had moved from the Roe Road location.  The notice was forwarded to Coffeys 
 new address, and Coffey received the notice the day after the hearing.  Thus, 
 Coffey was not present at the final hearing on April 16, 1999.  In the trial 
 courts final order issued on May 27, 1999, Coffey was ordered to pay $3,531.05 
 in attorneys fees to Dunham within sixty days of the entry of the final order.  

Coffey failed to pay the attorneys fees; therefore, 
 in July of 2002, Dunham filed this action seeking enforcement of the portion 
 of the final order pertaining to the payment of attorneys fees.  On October 
 11, 2002, Coffey filed a motion for relief from judgment under Rule 60, SCRCP, 
 claiming he did not receive proper notice of the final hearing.  The trial court 
 denied Coffeys motion.  
LAW/ANALYSIS

Coffey essentially argues the May 1999 order is void because 
 he was not properly served with notice of the final hearing.  Therefore, he 
 claims the trial court erred in denying his motion for relief from judgment.  
 We disagree.
Rule 60(b), SCRCP, provides that a motion for relief from 
 a final judgment must be made within one year of the entry of judgment.  Coffey 
 waited until October of 2002 to file his motion, well over one year after the 
 trial court issued its order.  Therefore, Coffey is bound by the one-year time 
 frame unless the evidence shows he was not given proper notice of the final 
 hearing.  See Rule 60(b), SCRCP.
Coffey argues Dunham failed to properly notify him of the 
 final hearing because she sent the notice to his old address a mere three days 
 prior to the final hearing.  Rule 17(a), SCRFC, states that, when a defendant 
 is not represented by counsel and does not file an answer, notice is sufficient 
 when mailed to the defendant at his last known address, by certified mail, return 
 receipt requested.  In the present case, Coffey filed an answer with the court.  
 Therefore, Rule 17(a) did not apply, and Dunham actually did more than was required 
 when she mailed notice to Coffey.  
When a defendant files an answer pro se, 
 Rule 11(a), SCRCP, requires him to sign the answer and state his address so 
 that the clerk of court can notify him of the hearing.  In this case, Coffey 
 failed to state his address when he filed his answer.  Although Coffey claims 
 his address of 204 Roe Road was on file with the court because of the return 
 address on a letter he sent to the judge prior to the merits hearing, Coffey 
 admitted in his testimony that he moved from this address prior to the hearing 
 and did not notify the court that his address had changed. As a pro se 
 litigant, Coffey is held to the same standard as an attorney, and it was Coffeys 
 duty to keep the court informed of his address. State v. Hollman, 232 
 S.C. 489, 498, 102 S.E.2d 873, 877 (1958) ([E]stablished rules of procedure 
 are not to be discarded, either in the trial court or on appeal, merely because 
 the defendant has been his own lawyer.), overruled on other grounds by 
 Stevenson v. State, 335 S.C. 193, 516 S.E.2d. 434 (1999).  
Based on the above, we find it was Coffeys own error in 
 not providing the court with his address that caused him to fail to receive 
 notice of the final hearing.  Therefore, Coffeys motion for relief is barred 
 by the one-year time limit under Rule 60(b), SCRCP. [2]   
AFFIRMED.                  
HEARN, C.J., STILWELL, J., and CURETON, AJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 
 [2] Because we find Coffeys motion for relief is barred by Rule 60(b), 
 we need not address his other issues on appeal.