22940

The STATE, Respondent v. Miquel A. BERMUDEZ, Appellant.

(376 S. E. (2d) 258)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford;* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted July 26, 1988.

Decided Jan. 16, 1989.

*Per Curiam:*

Appellant was convicted of first degree burglary and second degree criminal sexual conduct (CSC). We affirm.

The victim of the CSC was appellant's wife. At the time the offense was committed, appellant and his wife were living separately and apart pursuant to an order of the family court.

Appellant asserts that the trial judge should have quashed the CSC indictment because it did not allege that he and his wife were living apart pursuant to a court order. We disagree.

S. C. Code Ann. § 16-3-653 (1985) defines second degree CSC as using aggravated coercion to accomplish a sexual *battery.* Under S. C. Code Ann. § 16-3-658 (1985), a person cannot be guilty of CSC if the victim is his legal spouse, unless the couple is living apart by reason of a court order. This section constitutes an exception to the offense of CSC.

An exception to a criminal offense must be negatived in the indictment only if the language of the exception must be regarded as descriptive of the offense. If not, the exception is a matter of defense and need not be negatived in the indictment. *State v. Solomon,* 245 S. C. 550, 141 S. E. (2d) 818, 825 (1965). *See also State v. Ham,* 259 S. C. 118, 191 S. E. (2d) 13 (1972).

In our opinion, the exception contained in S. C. Code Ann. § 16-3-658 (1985) is not a part of the description of the offense of CSC, but is a matter of defense. Therefore, it need not be negatived in the indictment and the trial court did not err in refusing to quash the indictment on this ground.

Appellant's remaining exception are without merit and are disposed of pursuant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.