THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Bobby Shannon  Thomas,       
Appellant.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-219
Submitted January 10, 2003  Filed March 
 20, 2003  

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 of Columbia; for Respondents.
 
 
 

 GOOLSBY, J.:  Bobby Shannon Thomas 
 pled guilty to criminal sexual conduct with a minor in the first degree, assault 
 and battery with intent to kill, kidnapping, two counts of unlawful conduct 
 towards a child, committing a lewd act on a child, and second-degree burglary. 
  On appeal, Thomas alleges the trial court lacked subject matter jurisdiction 
 over the two charges concerning unlawful conduct towards a child and seeks to 
 have his convictions and sentences on those counts vacated.  He further seeks 
 to have his guilty pleas set aside in their entirety, arguing they were involuntary, 
 unknowing, and unintelligent.  We affirm. [1] 
FACTS
In July 2001, the Florence County Grand 
 Jury indicted Thomas for criminal sexual conduct with a minor in the first degree, 
 assault and battery with intent to kill, kidnapping, and two counts of unlawful 
 conduct towards a child.  This indictment resulted from allegations that 
 Thomas had strapped a nine-year-old boy in a hot, unattended car while he sexually 
 assaulted the childs seven-year-old sister and then later abandoned both children.  

In January 2002, the Florence County Grand 
 Jury issued another indictment against Thomas, charging him with first-degree 
 burglary and committing a lewd act on a minor.  Those charges stemmed from allegations 
 by his estranged wife that he had molested his stepdaughter (her daughter from 
 a prior relationship) from April 1, 2001, through June 19, 2001, inclusive, 
 and that, on June 30, 2001, after the couple had separated and the family court 
 had issued a protective order giving Mrs. Thomas sole possession of the marital 
 residence, he tried to enter the residence through a back window.
On February 2, 2002, Thomas, while accompanied 
 by his attorney, pled guilty as charged, with the exception of the first-degree 
 burglary offense, which was reduced to second-degree burglary.  After taking 
 his plea and hearing from counsel, an investigator, a victims advocate, 
 and Thomass mother, the trial court gave Thomas maximum consecutive 
 sentences on all charges for a total active sentence of one hundred thirty years.  

DISCUSSION
1.  We find no merit to Thomass argument that the trial 
 court lacked subject matter jurisdiction for two counts of unlawful conduct 
 towards a child.
With regard to the two counts of unlawful conduct 
 towards a child, the indictment read as follows:

That BOBBY THOMAS did in FLORENCE County on or about July 
 6, 2001, violate Section 20-7-50 of the Code of Laws for the State of South 
 Carolina (1976), as amended, in that he did, while being given charge over the 
 victim, . . . a seven years old child, and being responsible for her welfare 
 did assault her with intent to kill her and violently rape her.
That BOBBY THOMAS did in FLORENCE County on or about July 
 6, 2001, violate Section 20-7-50 of the Code of Laws for the State of South 
 Carolina (1976), as amended, in that he did, while being given charge over the 
 victim, . . . a nine year old child, strapped the said [victim] in a hot, unattended 
 car and told him to stay there, while he took his seven year old sister, . . 
 . into the house, assaulted her; returning then to get him out of the car and 
 left and abandoned him and his sister.

South Carolina Code section 20-7-50 provides 
 in pertinent part as follows:

(A) It is unlawful for a person who has charge or custody 
 of a child, or who is the parent or guardian of a child, or who is responsible 
 for the welfare of a child as defined in Section 20-7-490(5) to:
(1) place the child at unreasonable risk of harm 
 affecting the childs life, physical or mental health, or safety;
(2) do or cause to be done unlawfully or maliciously 
 any bodily harm to the child so that the life or health of the child is endangered 
 or likely to be endangered;  or
(3) wilfully abandon the child. 
 [2] 

Section 20-7-490, to which the above statute refers, 
 includes several different ways that an adult would be considered one who is 
 responsible for the welfare of the child. [3]   It is undisputed that the only 
 criterion that could conceivably apply to Thomas in this case would be as an 
 adult who has assumed the role or responsibility of a parent or guardian for 
 the child, but who does not necessarily have legal custody of the child. 
 [4]   The legislature qualified this definition, however, by providing that 
 [a] person whose only role is as a caregiver and whose contact is only incidental 
 with a child, such as a babysitter or a person who has only incidental contact 
 but may not be a caretaker, has not assumed the role or responsibility of a 
 parent or guardian. [5] 
Thomas argues that, with regard to both counts 
 of unlawful conduct towards a child, the indictment was defective in that it 
 failed to allege a legal status sufficient to support a conviction.  He asserts 
 that the phrases being given charge and being responsible for her welfare 
 fall short of alleging he had assumed the role or responsibility of a parent 
 of guardian and, because the subarticle in which section 20-7-50 appears is 
 limited in its application to children and the people in whom their care is 
 entrusted on an ongoing basis and does not extend to a person whose only role 
 is as a caregiver and whose contact is only incidental with a child, such as 
 a babysitter or a person who has only incidental contact, the indictment did 
 not adequately state the offense for either count.  We disagree with this reasoning.
The South Carolina General Assembly has provided 
 that an indictment is sufficient if it

charges the crime substantially in the language of the common 
 law or of the statute prohibiting the crime or so plainly that the nature 
 of the offense charged may be easily understood and, if the offense be a statutory 
 offense, that the offense be alleged to be contrary to the statute in such case 
 made and provided. [6] 

Furthermore, the true test of the sufficiency of an indictment 
 is whether it contains the necessary elements of the offense intended to be 
 charged and sufficiently appraises the defendant of what he must be prepared 
 to meet. [7]   Moreover, [t]he 
 offense intended to be charged must be described with sufficient particularity 
 that conviction or acquittal thereupon may be pleaded in bar to any subsequent 
 prosecution. [8]    
In State v. Bermudez, 
 [9] the appellant argued that an indictment charging him with second-degree 
 criminal sexual conduct should have been quashed because the victim was his 
 wife and the indictment failed to allege that they were living separately and 
 apart pursuant to a court order.  The supreme court disagreed, stating:  An 
 exception to a criminal offense must be negatived in the indictment only if 
 the language of the exception must be regarded as descriptive of the offense.  
 If not, the exception is a matter of defense and need not be negatived in 
 the indictment. [10]   
 The supreme court further held the interspousal immunity exception to the criminal 
 sexual conduct statute was not a part of the description of the offense of 
 CSC, but is a matter of defense, 
 [11] and the failure to negate this exception did not warrant quashing 
 the indictment.  
We find the reasoning in Bermudez 
 applicable to the present case as well as consistent with general case law. [12]   Here, the indictment at issue alleged that 
 Thomas committed unlawful acts towards two children while they were in his care.  
 It would have been up to him to assert that his role as their caretaker was 
 incidental and did not rise to the level of a parent or guardian.  We therefore 
 hold the trial court had jurisdiction to accept his guilty pleas to the two 
 counts of unlawful conduct towards a child.
2.  Thomas further seeks to set aside his guilty 
 plea in its entirety based on the alleged invalidity of his pleas to the two 
 counts involving unlawful acts towards a child.  He asserts that, because these 
 two counts were improperly before the trial court, his entire guilty plea was 
 rendered involuntary, unknowing, and unintelligent.  Because we have 
 held the indictment in question sufficiently stated those two counts, it follows 
 that those charges were properly before the trial court and could not have rendered 
 his pleas to the other offenses involuntary, unknowing, or unintelligent.
AFFIRMED.
HEARN, C.J., and SHULER, J., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   S.C. Code Ann. § 20-7-50 (Supp. 2002) (emphasis added).  There have 
 been no changes in the statute since 1999.

 
 
 [3]   Id.  § 20-7-490(3).  Although section 20-7-50 references 
 paragraph (5) of section 20-7-490, that section was rewritten in 2002 to list 
 the relevant criteria in paragraph (3).  2002 S.C. Acts 325, § 2.

 
 [4]   Id.

 
 [5]   Id.

 
 [6]   S.C. Code Ann. § 17-19-20 (1985) (emphasis added).

 
 
 [7]   State v. Tabory, 262 S.C. 136, 139, 202 S.E.2d 852, 853 (1972); 
 see also State v. Owens, 346 S.C. 637, 552 S.E.2d 745 (2001) 
 (holding that, even though a murder indictment failed to allege the defendant 
 killed the victim with malice aforethought, specific reference in the indictment 
 to the pertinent code section provided the defendant with sufficient notice 
 of the elements of the crime with which he was charged).

 
 [8]   Id.

 
 [9]   297 S.C. 230, 376 S.E.2d 258 (1989).

 
 [10]   Id. at 232, 376 S.E.2d at 258 (emphasis 
 added).

 
 [11]   Id.

 
 
 [12] See 41 Am. Jur. 2d Indictments and Informations § 
 115, at 736 (1995) (stating an indictment must negate an exception only if 
 the exception is so incorporated with the substance of the statutory clause 
 defining the offense that it is a material part of the description of the 
 conduct that constitutes the offense) (emphasis added); 42 C.J.S. 
 Indictments and Informations § 12, at 443-44 (1991) (stating that, 
 if an exception is separable from the description of the offense and is not 
 stated as an element of the offense, it is regarded as a matter of defense 
 and need not be negated in the indictment, as where the exception merely 
 withdraws certain acts or persons from the operation of the statute or merely 
 affords a matter of excuse).